UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.  8:06-cr-498-T-23MAP
                                                                         8:14-cv-481-T-23MAP
HENRY SALAS PAREDES
_____/

**O R D E R**

Salas's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for conspiracy to possess with the intent to distribute cocaine while aboard a vessel, for which offense he was sentenced to 235 months. Salas pleaded guilty without a plea agreement. The circuit court affirmed both the conviction and the sentence. (Doc. 164)

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). Salas's motion is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possesses discretion to *sua sponte* question the timeliness of a petition for the writ of habeas corpus).

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f). Because his conviction was final on August 14, 2008,[2] Salas's limitation expired one year later, in

---

[2] The circuit court affirmed Salas's conviction and sentence on May 16, 2008. (Doc. 164 in 8:06-cr-498-T-23MAP. The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. *Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for *certiorari* with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) "[E]ven when a prisoner does not petition for *certiorari*, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90-day period for seeking *certiorari*.") (emphasis original).

August, 2008. The motion to vacate is more than five years late under Section 2255(f)(1).[3]

Recognizing the untimeliness of his motion based on the finality of his conviction, Salas argues entitlement to equitable tolling. The one-year limitation established in Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner must meet both requirements, and he controls the first requirement—due diligence—but not the second—extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. "Under long-established principles, petitioner's lack of diligence precludes equity's operation." 544 U.S. at 419. *Accord Drew v. Dep't of Corr.*, 297 F.3d 1278, 1287 (11th Cir. 2002) ("Drew's own lack of diligence precludes us from equitably tolling the statute of limitations."), *cert. denied*, 537 U.S. 1237 (2003). But "[t]he diligence required for equitable tolling purposes is 'reasonable

---

[3] In 2013 Salas benefitted from the United States' motion to reduce sentence under Rule 35, Federal Rules of Criminal Procedure. However, Salas acquires no new limitation. As *Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011), explains, "a district court's reduction of a term of imprisonment under Rule 35(b) has no impact on the "finality" of a defendant's "judgment of conviction" and does not alter the "date on which the judgment of conviction becomes final" for the purposes of the statute of limitations."

diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653 (internal quotations and citations omitted).

Salas bears the burden of proving entitlement to equitable tolling. *Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003). In his motion to vacate Salas lists numerous cases and identifies several situations that qualify for equitable tolling, however, Salas never explains how he is entitled to equitable tolling. Salas provides no reason for his not moving to vacate within the one-year limitation and fails to show due diligence in pursuing his action. Without an asserted basis for equitable tolling, Salas fails to meet his burden.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred. The clerk must close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Salas is not entitled to a certificate of appealability ("COA"). A prisoner moving to vacate his sentence has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Salas must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v.*

- 5 -

*Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred, Salas cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, Salas is not entitled to appeal *in forma pauperis* because he is not entitled to a certificate of appealability.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Salas must obtain permission from the circuit court to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on February 28, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE